UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. SCOTT #191939,

    Plaintiff,

v.

DALE FELDPAUSCH, *et al.*,

    Defendants.
    _____/

Case No. 1:03-cv-00448

Hon. Richard Alan Enslen

### ORDER TO TAX COSTS

This matter is before the Court pursuant to Defendants Brown and Feldpausch's Motion to Tax Costs. (Dkt. No. 90). On March 21, 2005, this Court entered a Judgment dismissing Plaintiff's claims, after which Defendants filed a Motion to Tax Costs, seeking reimbursement in the amount of $69.27. *See* 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d); W.D. Mich. LCivR 54.1.

Federal Rule of Civil Procedure 54 indicates that costs "shall be allowed as of course to the prevailing party," thereby creating "a presumption in favor of awarding costs." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Moreover, the Sixth Circuit has indicated that, at the conclusion of a suit, costs may be imposed "as in other cases" against a plaintiff who was permitted to proceed *in forma pauperis*, whether or not the lawsuit is deemed frivolous. *See Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); 28 U.S.C. § 1915(e).

There exist several factors which the Court may consider when evaluating a motion for the imposition of costs, including the losing party's good faith, the difficulty of the case, the winning

party's behavior, and the necessity of the costs. *See Singleton*, 241 F.3d at 539. Furthermore, while a plaintiff can no longer assert indigency as a defense to payment of the costs imposed, the Court may consider indigency as a factor relevant to the question of whether to impose costs. *See id.* at 539, 542; *Talley-Bey v. Knebl*, 168 F.3d 884, 886-87 (6th Cir. 1999); 28 U.S.C. § 1915(f)(2)(A).

Plaintiff has failed to overcome the presumption in favor of awarding costs. Moreover, the costs sought are both reasonable and recoverable. *See* 28 U.S.C. §§1920(4), 1923(a); *Meador-Bey v. Jones*, 1993 WL 76228 (6th Cir. Mar. 17, 1993). Accordingly, the Court grants Defendant's request, and imposes upon Plaintiff costs in the amount of $69.27.

Having found appropriate the imposition of the requested costs, the Court must determine how such costs are to be paid. While a prisoner's indigency was previously relevant to this determination, such is no longer the case. *See Talley-Bey*, 168 F.3d at 886-87; 28 U.S.C. § 1915(f)(2)(A). Instead, when costs are assessed, the issue is simply whether the prisoner will be required to pay such costs immediately, or whether he will be permitted to pay over time pursuant to the process articulated in §1915(b)(2). *See Talley-Bey*, 168 F.3d at 886. As Plaintiff's certificate of prisoner account activity evidences his indigency, he shall be permitted to pay the costs herein imposed over time.

A prisoner litigant against whom costs are taxed is required to make an initial payment of costs equal to 20-percent of the greater of (a) the average monthly deposits to the prisoner's account, or (b) the average monthly balance in the prisoner's account over a 6-month period. 28 U.S.C. §1915(a)(2), (f)(2)(B). Plaintiff's certificate of prison account activity indicates that this amount is equal to $1.34. Accordingly, Plaintiff is required to make an initial payment of $1.34.

Plaintiff is further required to pay to the Michigan Attorney General's Office the remaining balance of the costs imposed. This is to be accomplished by withdrawing 20-percent of the

monthly income credited to Plaintiff's account until paid in full. 28 U.S.C. § 1915(a)(2). While the Michigan Department of Corrections shall withhold funds from Plaintiff's prisoner account as required by law, it is not required to immediately forward withdrawn funds totaling less than $10 to the State Attorney General's Office. Moreover, the Michigan Department of Corrections, in conjunction with the Michigan Attorney General's Office, shall take steps necessary to ensure that the total amount withdrawn does not exceed the $69.27 in costs awarded. 28 U.S.C. § 1915(f)(2)(C).

**IT IS SO ORDERED**.

DATED in Kalamazoo, MI:
June 9, 2005

/s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
UNITED STATES DISTRICT JUDGE