UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID J. SCOTT,

        Plaintiff,

Case No. 1:03-CV-448

v.

Hon. Richard Alan Enslen

DALE FELDPAUSCH,

**ORDER**

        Defendant.
_____/

This matter is before the Court on Plaintiff David J. Scott's Appeal of United States Magistrate Judge Ellen S. Carmody's Order of August 19, 2005 denying appointment of counsel for the purpose of appeal. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), this Court must determine whether the Order was "clearly erroneous or contrary to law." *See United States v. Raddatz,* 447 U.S. 667, 673 (1980); *Flournoy v. Marshall*, 842 F.2d 875, 876-77 (6th Cir. 1988). This standard is necessarily deferential; it does not permit reversal unless the reviewing court is left with the definite and firm conviction that an error has been made. *Anderson v. Bessemer City,* 470 U.S. 564, 573-74 (1985); *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *United States v. Kellams,* 26 F.3d 646, 648 (6th Cir. 1994).

Appointment of counsel in civil cases is not a constitutional right and is granted only in exceptional cases. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The district courts retain considerable discretion to deny appointment of counsel on appeal. *Moss v. Thomas*, 299 F.2d 729, 730 (6th Cir. 1962). This is understandable since 28 U.S.C. § 1915(e) only authorizes a district court to request counsel to serve on behalf of indigent plaintiffs and does not authorize compulsory

appointments. *Mallard v. United States Dist. Court for S.D. of Iowa*, 490 U.S. 296, 301-02 (1989). Thus, in making appointments, the district court must measure the need for the appointment against the limited supply of willing attorneys available to fill such requests.

As stated by the Magistrate Judge, pertinent factors in making appointments include: (1) the strength of the case; (2) whether the litigant needs counsel to investigate crucial facts; (3) whether counsel is essential for the purpose of cross-examination; (4) whether the litigant is able to present his appeal without counsel; and (5) whether the appeal involves complex legal issues. *See McKeever v. Israel*, 689 F.2d 1315, 1320-21 (7th Cir. 1982); *see also Lavado*, 992 F.2d at 605-06 (citing *McKeever* with approval). Plaintiff argues that the unpersuasiveness of some of the papers he has filed in this suit constitutes evidence of his own ineffectiveness as counsel.

While Plaintiff is right that he does not perform at the level of an experienced attorney, he has demonstrated literacy and a basic knowledge of the law sufficient to permit him to adequately represent himself. His case and appeal are not strong. The legal issues are not complex. Counsel is not necessary to either investigate claims or perform cross-examination, particularly on appeal. Accordingly, the Court concludes that the Magistrate Judge has not abused her discretion in denying appointment.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff David J. Scott's Appeal of Magistrate Judge's Order Denying Attorney (Dkt. No. 124) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>October 12, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |